# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| BELLWETHER MUSIC FESTIVAL, LLC, | : | |
| et al., | : | |
| | : | Case No. 1:20-cv-463 |
| Plaintiffs, | : | |
| | : | Judge McFarland |
| v. | : | |
| | : | |
| AMY ACTON, et al., | : | |
| | : | |
| Defendants. | : | |

## ANSWER OF DEFENDANTS LANCE D. HIMES, INTERIM DIRECTOR OF THE OHIO DEPARTMENT OF HEALTH AND AMY ACTON TO PLAINTIFFS' FIRST AMENDED COMPLAINT

For their answer to the Complaint of Plaintiffs Bellwether Music Festival, LLC, ESK Presents LLC, Project Live, LLC, and Mark W. Miller (collectively, "Plaintiffs"), Defendants Amy Acton, in her personal capacity, and Lance D. Himes, Interim Director of the Ohio Department of Health (collectively, "Defendants"), aver as follows:

### FIRST DEFENSE

1.      State that the first sentence of paragraph 1 of the Amended Complaint describes relief sought in the Amended Complaint, and answering further, deny all remaining allegations contained in paragraph 1 of the Amended Complaint.

2.      Admit that the Director of the Ohio Department of Health has, as recognized by the United States Supreme Court, wide latitude in fashioning a state's reaction to the pandemic, and answering further, state that the allegations contained in paragraph 2 of the Amended Complaint call for a legal conclusion to which no response is deemed necessary.

3.      Admit Amy Acton lawfully acted pursuant to statutory authority and otherwise deny all remaining allegations contained in paragraph 3 of the Amended Complaint..

4.     Admit that Lance Himes is lawfully acting pursuant to statutory authority, continues to enforce orders issued by the Department of Health, and otherwise deny all remaining allegations contained in paragraph 4 of the Amended Complaint.

5.     Deny the allegations contained in paragraph 5 of the Amended Complaint.

6.     Admit that this Court has subject matter jurisdiction over the claims brought in this action but deny any violations occurred or that the claims are appropriate.

7.     Admit that venue is proper in this judicial district and division but otherwise deny that there is any basis for any claims.

8.     Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 8 of the Amended Complaint and therefore deny the same.

9.     Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 9 of the Amended Complaint and therefore deny the same.

10.    Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 10 of the Amended Complaint and therefore deny the same.

11.    Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 11 of the Amended Complaint and therefore deny the same.

12.    Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 12 of the Amended Complaint and therefore deny the same.

13.    Admit that Amy Acton previously served as the Director of the Ohio Department of Health and otherwise deny the remaining allegations contained in paragraph 13 of the Amended Complaint.

14.    Admit the allegations contained in paragraph 14 of the Amended Complaint.

15.     Admit that the Warren County Health District is a county health district organized under Ohio Revised Code Chapter 3709; admit that the Warren County Health District has the power to enforce the Ohio Department of Health's Orders and is empowered to make its own health orders; state that the last sentence of paragraph 15 of the Amended Complaint requires no response; and otherwise deny the remaining allegations contained in paragraph 15 of the Amended Complaint.

16.     Admit that the Stark County Combined General Health District is a county health district organized under Ohio Revised Code Chapter 3709; admit that the Stark County Combined General Health District has the power to enforce the Ohio Department of Health's Orders and is empowered to make its own health orders; state that the last sentence of paragraph 13 of the Amended Complaint requires no response; and otherwise deny the remaining allegations contained in paragraph 16 of the Amended Complaint.

17.     Deny the allegations contained in paragraph 17 of the Amended Complaint.

18.     Deny the allegations contained in paragraph 18 of the Amended Complaint.

19.     Deny the allegations contained in paragraph 19 of the Amended Complaint.

20.     No response is deemed necessary to the allegations contained in paragraph 20 of the Amended Complaint inasmuch as Plaintiffs' characterization of the nature of the lawsuit.

21.     Deny the allegations contained in paragraph 21 of the Amended Complaint.

22.     Admit that Lance Himes was automatically substituted into this action as a defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure; and deny the remaining allegations contained in paragraph 22 of the Amended Complaint.

23.     Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 23 of the Amended Complaint and therefore deny the same.

24.     Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 24 of the Amended Complaint and therefore deny the same.

25.     Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 25 of the Amended Complaint and therefore deny the same.

26.     Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 26 of the Amended Complaint and therefore deny the same.

27.     Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 27 of the Amended Complaint and therefore deny the same.

28.     Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 28 of the Amended Complaint and therefore deny the same.

29.     Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 29 of the Amended Complaint and therefore deny the same.

30.     Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 30 of the Amended Complaint and therefore deny the same.

31.     Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 31 of the Amended Complaint and therefore deny the same.

32.     Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 32 of the Amended Complaint and therefore deny the same.

33.     State that the Bellwether Musical Festival has been canceled, any injunctive relief sought with respect to that festival is moot, that the Bellwether Musical Festival previously fell in, among others, the category of "parades, fairs, festivals, and carnivals" and such categories are currently prohibited in the State of Ohio; admit that the Director's Updated and Revised Order issued on May 29, 2020, addresses the category of "parades, fairs, festivals, and carnivals," and

answering further, deny all remaining allegations contained in paragraph 33 of the Amended Complaint.

34.     Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 34 of the Amended Complaint and therefore deny the same.

35.     Deny the allegations contained in paragraph 35 of the Amended Complaint.

36.     As to the first sentence of paragraph 36 of the Amended Complaint, lack sufficient information to form a belief as to the truth of the allegations and therefore deny the same.  Answering further, Defendants otherwise deny the remaining allegations contained in paragraph 36 of the Amended Complaint.

37.     Deny the allegations contained in paragraph 37 of the Amended Complaint.

38.     Deny the allegations contained in paragraph 38 of the Amended Complaint.

39.     Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 39 of the Amended Complaint and therefore deny the same.

40.     Admit that Lance Himes, lawfully acting pursuant to his statutory authority, continues to enforce orders issued by the Department of Health and otherwise deny all remaining allegations contained in paragraph 40 of the Amended Complaint.

41.     Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 41 of the Amended Complaint and therefore deny the same.

42.     Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 42 of the Amended Complaint and therefore deny the same.

43.     Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 43 of the Amended Complaint and therefore deny the same.

44.     Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 44 of the Amended Complaint and therefore deny the same.

45.     Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 45 of the Amended Complaint and therefore deny the same.

46.     Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 46 of the Amended Complaint and therefore deny the same.

47.     Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 47 of the Amended Complaint and therefore deny the same.

48.     Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 48 of the Amended Complaint and therefore deny the same.

49.     Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 49 of the Amended Complaint and therefore deny the same.

50.     Admit The Country Fest falls in the category of, among others, "parades, fairs, festivals, and carnivals" and such categories are currently prohibited in the State of Ohio; admit that the Director's Updated and Revised Order issued on May 29, 2020, addresses the category of "parades, fairs, festivals, and carnivals," and answering further, deny all remaining allegations contained in paragraph 50 of the Amended Complaint.

51.     Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 51 of the Amended Complaint and therefore deny the same.

52.     Deny the allegations contained in paragraph 52 of the Amended Complaint.

53.     Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 53 of the Amended Complaint and therefore deny the same.

54.     Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 54 of the Amended Complaint and therefore deny the same.

55.     Deny the allegations contained in paragraph 55 of the Amended Complaint.

56.     Deny the allegations contained in paragraph 56 of the Amended Complaint.

57.     Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 57 of the Amended Complaint and therefore deny the same.

58.     Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 58 of the Amended Complaint and therefore deny the same.

59.     Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 59 of the Amended Complaint and therefore deny the same.

60.     Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 60 of the Amended Complaint and therefore deny the same.

61.     Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 61 of the Amended Complaint and therefore deny the same.

62.     Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 62 of the Amended Complaint and therefore deny the same.

63.     Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 63 of the Amended Complaint and therefore deny the same.

64.     Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 64 of the Amended Complaint and therefore deny the same.

65.     Admit the Bucyrus Bratwurst Festival falls in the category of, among others, "parades, fairs, festivals, and carnivals" and such categories, with the exception of county fairs, are currently prohibited in the State of Ohio; admit that the Director's Updated and Revised

Order issued on May 29, 2020, addresses the category of "parades, fairs, festivals, and carnivals," and answering further, deny all remaining allegations contained in paragraph 65 of the Amended Complaint.

66. Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 66 of the Amended Complaint and therefore deny the same.

67. Deny the allegations contained in paragraph 67 of the Amended Complaint.

68. Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 68 of the Amended Complaint and therefore deny the same.

69. Deny the allegations contained in paragraph 69 of the Amended Complaint.

70. Deny the allegations contained in paragraph 70 of the Amended Complaint.

71. Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 72 of the Amended Complaint and therefore deny the same.

72. Admit that on March 9, 2020, Ohio Governor R. Michael DeWine issued *Executive Order 2020-01D*; states that *Executive Order 2020-01D* speaks for itself; and thus no further response is deemed necessary to the allegations contained in paragraph 72 of the Amended Complaint.

73. Admit the allegations contained in paragraph 73 of the Amended Complaint.

74. State that *Executive Order 2020-01D* speaks for itself and thus no response is deemed necessary to the allegations contained in paragraph 74 of the Amended Complaint.

75. Deny the allegations contained in paragraph 75 of the Amended Complaint.

76. Admit the allegations contained in paragraph 76 of the Amended Complaint.

77.     State that the *March 17, 2020-Director's Order re: Mass Gatherings* speaks for itself and thus no response is deemed necessary to the allegations contained in paragraph 77 of the Amended Complaint.

78.     State that the *March 17, 2020-Director's Order re: Mass Gatherings* speaks for itself and thus no response is deemed necessary to the allegations contained in paragraph 78 of the Amended Complaint.

79.     State that the *March 17, 2020-Director's Order re: Mass Gatherings* speaks for itself and thus no response is deemed necessary to the allegations contained in paragraph 79 of the Amended Complaint.

80.     State that the *March 17, 2020-Director's Order re: Mass Gatherings* speaks for itself and thus no response is deemed necessary to the allegations contained in paragraph 80 of the Amended Complaint.

81.     Admit the allegations contained in paragraph 81 of the Amended Complaint.

82.     State that the *March 22, 2020-Director's Stay at Home Order* speaks for itself and thus no response is deemed necessary to the allegations contained in paragraph 82 of the Amended Complaint.

83.     State that the *March 22, 2020-Director's Stay at Home Order* speaks for itself and thus no response is deemed necessary to the allegations contained in paragraph 83 of the Amended Complaint.

84.     State that the *March 22, 2020-Director's Stay at Home Order* speaks for itself and thus no response is deemed necessary to the allegations contained in paragraph 84 of the Amended Complaint.

85.     Admit the allegations contained in paragraph 85 of the Amended Complaint.

86.     State that the *March 22, 2020-Director's Stay at Home Order* speaks for itself and thus no response is deemed necessary to the allegations contained in paragraph 86 of the Amended Complaint.

87.     State that the *March 22, 2020-Director's Stay at Home Order* speaks for itself and thus no response is deemed necessary to the allegations contained in paragraph 87 of the Amended Complaint.

88.     State that the *March 22, 2020-Director's Stay at Home Order* speaks for itself and thus no response is deemed necessary to the allegations contained in paragraph 88 of the Amended Complaint.

89.     State that the *March 22, 2020-Director's Stay at Home Order* speaks for itself and thus no response is deemed necessary to the allegations contained in paragraph 89 of the Amended Complaint.

90.     Admit the allegations contained in paragraph 90 of the Amended Complaint.

91.     State that the *April 30, 2020-Amended Director's Stay Safe Ohio Order* speaks for itself and thus no response is deemed necessary to the allegations contained in paragraph 91 of the Amended Complaint.

92.     State that the *April 30, 2020-Amended Director's Stay Safe Ohio Order* speaks for itself and thus no response is deemed necessary to the allegations contained in paragraph 92 of the Amended Complaint.

93.     State that the *April 30, 2020-Amended Director's Stay Safe Ohio Order* speaks for itself and thus no response is deemed necessary to the allegations contained in paragraph 93 of the Amended Complaint.

94.     State that the *April 30, 2020-Amended Director's Stay Safe Ohio Order* speaks for itself and thus no response is deemed necessary to the allegations contained in paragraph 94 of the Amended Complaint.

95.     State that the *April 30, 2020-Amended Director's Stay Safe Ohio Order* speaks for itself and thus no response is deemed necessary to the allegations contained in paragraph 95 of the Amended Complaint.

96.     Admit the allegations contained in paragraph 96 of the Amended Complaint.

97.     State that the *May 20, 2020-Director's Camp Safe Ohio Order* speaks for itself and thus no response is deemed necessary to the allegations contained in paragraph 97 of the Amended Complaint.

98.     State that the *May 20, 2020-Director's Camp Safe Ohio Order* speaks for itself and thus no response is deemed necessary to the allegations contained in paragraph 98 of the Amended Complaint.

99.     State that the *May 20, 2020-Director's Camp Safe Ohio Order* speaks for itself and thus no response is deemed necessary to the allegations contained in paragraph 99 of the Amended Complaint.

100.     State that the *May 20, 2020-Director's Camp Safe Ohio Order* speaks for itself and thus no response is deemed necessary to the allegations contained in paragraph 100 of the Amended Complaint.

101.     State that the *May 20, 2020-Director's Camp Safe Ohio Order* speaks for itself and thus no response is deemed necessary to the allegations contained in paragraph 101 of the Amended Complaint.

102.     Admit the allegations contained in paragraph 102 of the Amended Complaint.

103.     State that the *Director's Updated and Revised Order* speaks for itself and thus no response is deemed necessary to the allegations contained in paragraph 103 of the Amended Complaint.

104.     State that the *Director's Updated and Revised Order* speaks for itself and thus no response is deemed necessary to the allegations contained in paragraph 104 of the Amended Complaint.

105.     State that the *Director's Updated and Revised Order* speaks for itself and thus no response is deemed necessary to the allegations contained in paragraph 105 of the Amended Complaint.

106.     State that the *Director's Updated and Revised Order* speaks for itself and thus no response is deemed necessary to the allegations contained in paragraph 106 of the Amended Complaint.

107.     State that the Bellwether Music Festival has been canceled; state that the Bellwether Music Festival and The Country Festival fall in the category of "parades, fairs, festivals, and carnivals" and such categories are currently prohibited in the State of Ohio; and answering further, deny all remaining allegations contained in paragraph 107 of the Amended Complaint.

108.     State that Ohio Rev. Code § 3701.56 speaks for itself and thus no response is deemed necessary to the allegations contained in paragraph 108 of the Amended Complaint.

109.     Admit the allegations contained in paragraph 109 of the Amended Complaint.

110.     Admit the allegations contained in paragraph 110 of the Amended Complaint.

111.    Admit that Lance Himes is lawfully acting pursuant to statutory authority, continues to enforce orders issued by the Department of Health, and otherwise deny all remaining allegations contained in paragraph 4 of the Amended Complaint.

112.    Deny the allegations contained in paragraph 112 of the Amended Complaint.

113.    State that the referenced news conference held on March 12, 2020, is available on the website of The Ohio Channel (https://www.ohiochannel.org/video/governor-mike-dewine-3-12-2020-covid-19-update); state that the full content of the news conference speaks for itself; and answering further, deny all remaining allegations contained in paragraph 113 of the Amended Complaint.

114.    State that the referenced news conference held on March 12, 2020, is available on the website of The Ohio Channel (https://www.ohiochannel.org/video/governor-mike-dewine-3-12-2020-covid-19-update); state that the full content of the news conference speaks for itself; and answering further, deny all remaining allegations contained in paragraph 114 of the Amended Complaint.

115.    State that the referenced news conference held on March 12, 2020, is available on the website of The Ohio Channel (https://www.ohiochannel.org/video/governor-mike-dewine-3-12-2020-covid-19-update); state that the full content of the news conference speaks for itself; and answering further, deny all remaining allegations contained in paragraph 115 of the Amended Complaint.

116.    State that the referenced news conference held on March 24, 2020, is available on the website of The Ohio Channel (https://www.ohiochannel.org/video/governor-mike-dewine-3-24-2020-covid-19-update); state that the full content of the news conference speaks for itself; and answering further, deny all remaining allegations contained in paragraph 116 of the Amended Complaint.

117.     Deny the allegations contained in paragraph 117 of the Amended Complaint.

118.     Deny the allegations contained in paragraph 118 of the Amended Complaint.

119.     Deny the allegations contained in paragraph 119 of the Amended Complaint.

120.     State that the referenced news conference held on March 12, 2020, is available on the website of The Ohio Channel ([https://www.ohiochannel.org/video/governor-mike-dewine-3-12-2020-covid-19-update](https://www.ohiochannel.org/video/governor-mike-dewine-3-12-2020-covid-19-update)); state that the full content of the news conference speaks for itself; and answering further, deny all remaining allegations contained in paragraph 120 of the Amended Complaint.

121.     State that the referenced news conference held on March 12, 2020, is available on the website of The Ohio Channel (https://www.ohiochannel.org/video/governor-mike-dewine-3-12-2020-covid-19-update);state that the full content of the news conference speaks for itself; and answering further, deny all remaining allegations contained in paragraph 121 of the Amended Complaint.

122.     Deny the allegations contained in paragraph 122 of the Amended Complaint.

123.     State that the referenced news conference held on March 12, 2020, is available on the website of The Ohio Channel (https://www.ohiochannel.org/video/governor-mike-dewine-3-12-2020-covid-19-update);state that the full content of the news conference speaks for itself; and answering further, deny all remaining allegations contained in paragraph 123 of the Amended Complaint.

124.     Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 124 of the Amended Complaint and therefore deny the same.

125.     Deny the allegations contained in paragraph 125 of the Amended Complaint.

126.     Deny the allegations contained in paragraph 126 of the Amended Complaint.

127.    Admit reliance, in part, upon information from Dr. Ferguson but otherwise deny all remaining allegations contained in paragraph 127 of the Amended Complaint.

128.    State that the referenced news conference held on March 17, 2020, is available on the website of The Ohio Channel (https://www.ohiochannel.org/video/governor-mike-dewine-3-17-2020-covid-19-update); state that the full content of the news conference speaks for itself; and answering further, deny all remaining allegations contained in paragraph 128 of the Amended Complaint.

129.    Deny the allegations contained in paragraph 129 of the Amended Complaint.

130.    State that the referenced news conference held on March 24, 2020, is available on the website of The Ohio Channel (https://www.ohiochannel.org/video/governor-mike-dewine-3-24-2020-covid-19-update); state that the full content of the news conference speaks for itself; and answering further, deny all remaining allegations contained in paragraph 130 of the Amended Complaint.

131.    State that the referenced news conference held on March 24, 2020, is available on the website of The Ohio Channel (https://www.ohiochannel.org/video/governor-mike-dewine-3-24-2020-covid-19-update) state that the full content of the news conference speaks for itself; and answering further, deny all remaining allegations contained in paragraph 131 of the Amended Complaint.

132.    Admit that Ohio has seen fewer COVID-19 cases than New York and Italy given the proactive measures employed by the State of Ohio, and otherwise deny the remaining allegations contained in paragraph 132 of the Amended Complaint.

133.    State that the referenced news conference held on March 24, 2020, is available on the website of The Ohio Channel (https://www.ohiochannel.org/video/governor-mike-dewine-3-24-2020-covid-19-update); state that the full content of the news conference speaks for itself; and

answering further, deny all remaining allegations contained in paragraph 133 of the Amended Complaint.

134.    State that the referenced news conference held on March 24, 2020, is available on the website of The Ohio Channel ([https://www.ohiochannel.org/video/governor-mike-dewine-3-24-2020-covid-19-update](https://www.ohiochannel.org/video/governor-mike-dewine-3-24-2020-covid-19-update)); state that the full content of the news conference speaks for itself; and answering further, deny all remaining allegations contained in paragraph 134 of the Amended Complaint.

135.    Deny the allegations contained in paragraph 135 of the Amended Complaint.

136.    State that the referenced news conference held on April 20, 2020, is available on the website of The Ohio Channel ([https://www.ohiochannel.org/video/governor-mike-dewine-4-20-2020-covid-19-update](https://www.ohiochannel.org/video/governor-mike-dewine-4-20-2020-covid-19-update)); state that the full content of the news conference speaks for itself; and answering further, deny all remaining allegations contained in paragraph 136 of the Amended Complaint.

137.    State that the referenced news conference held on April 20, 2020, is available on the website of The Ohio Channel ([https://www.ohiochannel.org/video/governor-mike-dewine-4-20-2020-covid-19-update](https://www.ohiochannel.org/video/governor-mike-dewine-4-20-2020-covid-19-update)); state that the full content of the news conference speaks for itself; and answering further, deny all remaining allegations contained in paragraph 137 of the Amended Complaint.

138.    State that the referenced news conference held on April 20, 2020, is available on the website of The Ohio Channel ([https://www.ohiochannel.org/video/governor-mike-dewine-4-20-2020-covid-19-update](https://www.ohiochannel.org/video/governor-mike-dewine-4-20-2020-covid-19-update)); state that the full content of the news conference speaks for itself; and answering further, deny all remaining allegations contained in paragraph 138 of the Amended Complaint.

139.    Deny the allegations contained in paragraph 139 of the Amended Complaint.

140. Deny the allegations contained in paragraph 140 of the Amended Complaint.

141. Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 141 of the Amended Complaint and therefore deny the same.

142. Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 142 of the Amended Complaint and therefore deny the same.

143. Deny the allegations contained in paragraph 143 of the Amended Complaint.

144. State that the state court judge's decision, which is based upon state law, speaks for itself and thus no further response is deemed necessary to the allegations contained in paragraph 144 of the Amended Complaint.

145. State that the state court judge's decision, which is based upon state law, speaks for itself and thus no further response is deemed necessary to the allegations contained in paragraph 145 of the Amended Complaint.

146. Admit the allegations contained in paragraph 146 of the Amended Complaint.

147. State that the *Order Granting Preliminary Injunction* speaks for itself and thus no response is deemed necessary to the allegations contained in paragraph 147 of the Amended Complaint.

148. State that paragraph 148 of the Amended Complaint does not contain factual allegations. Instead, it includes legal analysis and references to citations. The case citations therein speak for themselves. As such, no response is deemed necessary to statements found in paragraph 148 of the Amended Complaint.

149. State that paragraph 149 of the Amended Complaint does not contain factual allegations. Instead, it includes legal analysis and references to citations. The case citations

therein speak for themselves. As such, no response is deemed necessary to statements found in paragraph 149 of the Amended Complaint.

150.    State that paragraph 150 of the Amended Complaint does not contain factual allegations. Instead, it includes legal analysis and references to citations. The case citations therein speak for themselves. As such, no response is deemed necessary to statements found in paragraph 150 of the Amended Complaint.

151.    State that the allegations contained in paragraph 151 of the Amended Complaint are vague and ambiguous, purport to call for a legal conclusion, appear to offer an incorrect statement of law, and thus are otherwise denied.

152.    State that paragraph 152 of the Amended Complaint does not contain factual allegations. Instead, it includes legal analysis and references to citations. The case citations therein speak for themselves. As such, no response is deemed necessary to statements found in paragraph 148 of the Amended Complaint.

153.    State that paragraph 153 of the Amended Complaint does not contain factual allegations. Instead, it includes legal analysis and references to citations. The case citations therein speak for themselves. As such, no response is deemed necessary to statements found in paragraph 153 of the Amended Complaint.

154.    State that the allegations contained in paragraph 154 of the Amended Complaint are vague and ambiguous, purport to call for a legal conclusion, appear to offer an incorrect statement of law, and thus are otherwise denied.

155.    Deny the allegations contained in paragraph 155 of the Amended Complaint.

156.    Deny the allegations contained in paragraph 156 of the Amended Complaint.

157.    Deny the allegations contained in paragraph 157 of the Amended Complaint.

158. Deny the allegations contained in paragraph 158 of the Amended Complaint.

159. Deny the allegations contained in paragraph 159 of the Amended Complaint.

160. Deny the allegations contained in paragraph 160 of the Amended Complaint.

161. Deny the allegations contained in paragraph 161 of the Amended Complaint.

162. Deny the allegations contained in paragraph 162 of the Amended Complaint.

163. Deny the allegations contained in paragraph 163 of the Amended Complaint.

164. Deny the allegations contained in paragraph 164 of the Amended Complaint.

165. Deny the allegations contained in paragraph 165 of the Amended Complaint.

166. Deny the allegations contained in paragraph 166 of the Amended Complaint.

167. Deny the allegations contained in paragraph 167 of the Amended Complaint.

168. Deny the allegations contained in paragraph 168 of the Amended Complaint.

169. Deny the allegations contained in paragraph 169 of the Amended Complaint.

170. Deny the allegations contained in paragraph 170 of the Amended Complaint.

171. State that the First Amendment speaks for itself and deny the remaining allegations contained in paragraph 171 of the Amended Complaint.

172. State that the First Amendment speaks for itself and deny the remaining allegations contained in paragraph 172 of the Amended Complaint.

173. Deny the allegations contained in paragraph 173 of the Amended Complaint.

174. Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 174 of the Amended Complaint and therefore deny the same.

175. Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 175 of the Amended Complaint and therefore deny the same.

176.     Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 176 of the Amended Complaint and therefore deny the same.

177.     Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 177 of the Amended Complaint and therefore deny the same.

178.     Lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 178 of the Amended Complaint and therefore deny the same.

179.     Deny the allegations contained in paragraph 179 of the Amended Complaint.

180.     Deny the allegations contained in paragraph 180 of the Amended Complaint.

181.     Admit that the amusement parks, such as Cedar Point and Kings Island, have been permitted to open with safety precautions and deny the remaining allegations contained in paragraph 181 of the Amended Complaint.

182.     State that paragraph 182 of the Amended Complaint does not contain factual allegations.  Instead, it includes legal analysis and references to citations.  The case citations therein speak for themselves.  As such, no response is deemed necessary to statements found in paragraph 182 of the Amended Complaint.

183.     State that paragraph 183 of the Amended Complaint does not contain factual allegations.  Instead, it includes legal analysis and references to citations.  The case citations therein speak for themselves.  As such, no response is deemed necessary to statements found in paragraph 183 of the Amended Complaint.

184.     State that paragraph 184 of the Amended Complaint does not contain factual allegations.  Instead, it includes legal analysis and references to citations.  The case citations therein speak for themselves.  As such, no response is deemed necessary to statements found in paragraph 184 of the Amended Complaint.

185.     State that paragraph 185 of the Amended Complaint does not contain factual allegations.  Instead, it includes legal analysis and references to citations.  The case citations therein speak for themselves.  As such, no response is deemed necessary to statements found in paragraph 185 of the Amended Complaint.

186.     State that paragraph 186 of the Amended Complaint does not contain factual allegations.  Instead, it includes legal analysis and references to citations.  The case citations therein speak for themselves.  As such, no response is deemed necessary to statements found in paragraph 186 of the Amended Complaint.

187.     State that paragraph 187 of the Amended Complaint does not contain factual allegations.  Instead, it includes legal analysis and references to citations.  The case citations therein speak for themselves.  As such, no response is deemed necessary to statements found in paragraph 187 of the Amended Complaint.

188.     State that paragraph 188 of the Amended Complaint does not contain factual allegations.  Instead, it includes legal analysis and references to citations.  The case citations therein speak for themselves.  As such, no response is deemed necessary to statements found in paragraph 188 of the Amended Complaint.

189.     State that paragraph 189 of the Amended Complaint does not contain factual allegations.  Instead, it includes legal analysis and references to citations.  The case citations therein speak for themselves.  As such, no response is deemed necessary to statements found in paragraph 189 of the Amended Complaint.

190.     State that paragraph 190 of the Amended Complaint does not contain factual allegations.  Instead, it includes legal analysis and references to citations.  The case citations

therein speak for themselves. As such, no response is deemed necessary to statements found in paragraph 190 of the Amended Complaint.

191.     State that the orders issued by the Department of Health speak for themselves and thus no further response is deemed necessary to the allegations contained in paragraph 191 of the Amended Complaint.

192.     Deny the allegations contained in paragraph 192 of the Amended Complaint.

193.     Deny the allegations contained in paragraph 193 of the Amended Complaint.

194.     Deny the allegations contained in paragraph 194 of the Amended Complaint.

195.     Deny the allegations contained in paragraph 195 of the Amended Complaint.

196.     Deny the allegations contained in paragraph 196 of the Amended Complaint.

197.     Deny the allegations contained in paragraph 197 of the Amended Complaint.

198.     Deny the allegations contained in paragraph 198 of the Amended Complaint.

199.     For their response to paragraph 199, reallege, restate, and incorporate by reference, as if fully set forth herein, paragraphs 1 through 198 of their Answer.

200.     Deny the allegations contained in paragraph 200 of the Amended Complaint.

201.     Deny the allegations contained in paragraph 201 of the Amended Complaint.

202.     Deny the allegations contained in paragraph 202 of the Amended Complaint.

203.     Deny the allegations contained in paragraph 203 of the Amended Complaint.

204.     Deny the allegations contained in paragraph 204 of the Amended Complaint.

205.     For their response to paragraph 205, reallege, restate, and incorporate by reference, as if fully set forth herein, paragraphs 1 through 204 of their Answer.

206.     Deny the allegations contained in paragraph 206 of the Amended Complaint.

207.     Deny the allegations contained in paragraph 207 of the Amended Complaint.

208.    Deny the allegations contained in paragraph 208 of the Amended Complaint.

209.    Deny the allegations contained in paragraph 209 of the Amended Complaint.

210.    For their response to paragraph 210, reallege, restate, and incorporate by reference, as if fully set forth herein, paragraphs 1 through 209 of their Answer

211.    Deny the allegations contained in paragraph 211 of the Amended Complaint.

212.    Deny the allegations contained in paragraph 212 of the Amended Complaint.

213.    Deny the allegations contained in paragraph 213 of the Amended Complaint.

214.    Deny the allegations contained in paragraph 214 of the Amended Complaint.

215.    Deny each and every allegation contained in the Amended Complaint that is not expressly admitted herein.

## SECOND DEFENSE

216.    Plaintiffs lack standing to pursue the scope of relief sought in this case.

## THIRD DEFENSE

217.    Plaintiffs' claims or form of remedy is barred by the doctrine of laches and waiver.

## FOURTH DEFENSE

218.    Defendants at all times relevant herein were in compliance with all applicable state and federal statutes, and regulations and constitutional provisions.

## FIFTH DEFENSE

219.    Defendants at all times pertinent herein acted lawfully, properly, in good faith and with due and probable cause.

## SIXTH DEFENSE

220. Defendants state that their conduct as alleged in the Amended Complaint does not set forth a deprivation of rights, privileges and/or immunities secured by either the United States Constitution or federal law.

## SEVENTH DEFENSE

221. One or more of Plaintiffs' claims or form of remedy are barred as any harm is self-inflicted.

## EIGHTH DEFENSE

222. One or more of Plaintiffs' claims or form of remedy are moot.

## NINTH DEFENSE

223. The Amended Complaint fails to join parties required to be joined by Fed. R. Civ. P. 19 given the scope of relief sought.

## TENTH DEFENSE

224. One or more of Plaintiffs' claims are barred by Eleventh Amendment to the United States Constitution, and/or the doctrine of sovereign immunity.

## ELEVENTH DEFENSE

225. On or more of Plaintiffs' claims are barred by qualified immunity.

## TWELFTH DEFENSE

226. Defendants reserve the right to assert any and all affirmative defenses which discovery proceedings may hereafter reveal to be appropriate.

WHEREFORE, having fully answered Plaintiffs' Amended Complaint, Defendants pray that the same be dismissed with prejudice, that they recover their costs and expenses, including

attorneys' fees incurred herein, and that the Court grant them such other and further relief that the Court may deem just and proper.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

/s/ Marion H. Little, Jr.
John W. Zeiger (0010707)
Marion H. Little, Jr. (0042679)
SPECIAL COUNSEL
ZEIGER, TIGGES & LITTLE LLP
41 S. High Street, Suite 3500
Columbus, OH 43215
Telephone: 614-365-9900
Facsimile: 614-365-7900
zeiger@litohio.com
little@litohio.com

*Attorneys for Defendants*
*Amy Acton and Lance D. Himes*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 26, 2020, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

/s/ Marion H. Little, Jr.
Marion H. Little, Jr. (0042679)

1230-001:863053